UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL B. WILLIAMS, JR.**, <br><br> Plaintiff, <br><br> vs. <br><br> **PATRICIA PENMAN, et al.**, <br><br> Defendants. | 2:19-CV-12505-TGB <br><br> **OPINION AND ORDER OF SUMMARY DISMISSAL** |

## I. INTRODUCTION

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983 by Michigan prisoner Michael B. Williams, Jr. ("Plaintiff"). Williams currently has two state criminal prosecutions pending before the Wayne County Circuit Court: Case No. 18-009551-01-FC (first-degree criminal sexual conduct charges) and Case No. 19-003351-01-FH (assault/resisting/obstructing a police officer charges) (collectively "criminal prosecutions claims").

In a lengthy and difficult-to-read complaint and supplement, Williams brings claims concerning both his prosecutions and his conditions of confinement in the Wayne County Jail (the "confinement claims"). As to the criminal prosecutions, naming detectives, deputies,

police officers, investigators, the victim(s), private attorneys, state prosecutors, and state judges as defendants, Williams appears to allege that he has been subject to unlawful arrest, imprisonment, and prosecution as well as a conspiracy to violate his various constitutional rights. As to the confinement claims, he complains of being denied eyeglasses and treatment for "jock itch," subjected to an assault by fellow inmates due to a failure to protect him, and denied medical care following that assault. He names Wayne County Jail employees, medical personnel, and fellow inmates as the defendants for those claims, seeking monetary damages and other relief.

Having reviewed the complaint, the Court shall dismiss the confinement claims based upon misjoinder and shall dismiss the criminal prosecution claims for failure to state claims upon which relief may be granted and based upon the immunity of the defendant prosecutors and judges.

## II. DISCUSSION

### A. Misjoinder of Confinement Claims

Because Plaintiff brings multiple claims against multiple defendants in this action, the issue arises as to whether all these claims may be properly joined in a single complaint. Federal Rule of Civil Procedure 21 authorizes a federal court to dismiss those claims that are

wrongly joined claims or to sever certain parties from a civil action in a case of misjoinder.

Rule 21 provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. *See also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("Parties may be dropped ... by order of the court ... of its own initiative at any stage of the action and on such terms as are just."); *Coalition to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008).

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). This does not mean, however, that parties should be given free rein to join multiple plaintiffs or multiple defendants into a single lawsuit when the claims are unrelated. *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3d Cir. 2007) (per curiam); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1248, 1350 (9th Cir. 1997); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (adopting magistrate judge's report). Prisoners should also not be allowed to proceed with multiple defendant litigation on unrelated claims in order to circumvent the filing fee requirements for federal civil actions

or the PLRA's three strikes provision. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998).

Federal Rule of Civil Procedure 18 governs the joinder of claims and Federal Rule of Civil Procedure 20 governs the permissive joinder of parties.[1] Rule 18(a) provides: "A party asserting a claim … may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Rule 20(a)(2) addresses when multiple defendants may be joined in one action. It provides: "Persons … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). When multiple parties are named, the analysis under Rule 20 precedes that under Rule 18. *Proctor*, 661 F. Supp. 2d at 778. Thus, when joining multiple defendants in a single action, the two-part test of Rule 20(a)(2) must be met.

In this case, Plaintiff does not meet the two-part test of Rule 20(a)(2) for the joinder of multiple defendants. His first series of claims, referred to collectively as the criminal prosecution claims, concern his

---

[1]Federal Rule of Civil Procedure 19 concerns the required joinder of parties and is inapplicable here. Fed. R. Civ. P. 19.

4

pending criminal prosecutions in the Wayne County Circuit Court. While those claims may arise out of the same transaction, occurrence, or series of transactions or occurrences as each other (with respect to each of those cases), they *do not* arise out of the same transaction, occurrence, or series of transactions or occurrences as his conditions of confinement claims. The confinement claims are completely unrelated to the criminal prosecution claims; they concern different facts, different legal standards, and different defendants (or potential defendants). Given such circumstances, the Court finds that joinder of the multiple claims with different multiple defendants in this one civil rights action is inappropriate.

The remaining question is whether severance (that is, splitting the confinement claims and parties into a different suit) or dismissal of the mis-joined parties and claims is warranted.[2] As discussed, Federal Rule of Civil Procedure 21 gives the Court discretion to invoke either remedy "on just terms." Several federal courts have interpreted "on just terms" to mean "without gratuitous harm to the parties." *See Harris v. Gerth*, No. 08-CV-12374, 2008 WL 5424134, *5 (E.D. Mich. Dec. 30, 2008) (citing cases). Given that no harm to the parties is apparent from the record, as well as the difficulty of severing the parties and claims in the lengthy,

---

[2]Dismissal of the entire action for misjoinder is not permitted. Fed. R. Civ. P. 21.

5

intertwined, and hard-to-read complaint and amended/supplemental complaint, the Court finds that dismissal of the multiple claims involving different defendants, rather than severance, is the more appropriate course of action. Accordingly, the Court shall dismiss the conditions of confinement claims, along with the corresponding defendants, based upon misjoinder. This dismissal is without prejudice, meaning that Petitioner may file a separate case containing the confinement claims if he chooses to do so.

## B. Criminal Prosecution Claims

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, or employees if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an

arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it requires more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2)

7

the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

Plaintiff's remaining complaint and amended/supplemental complaint, which challenges his two ongoing state criminal prosecutions, are subject to dismissal because Plaintiff fails to state claims upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id.* at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. Moreover, *Heck* applies to civil rights actions filed by pretrial detainees such as Williams. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (citing *Alvarez–Machain v. United States*, 107 F.3d 696, 700-01 (9th Cir. 1996); *Hamilton v. Lyons*, 74 F.3d 99, 102-03 (5th Cir. 1996)); *Gorenc v. City of Westland*, 72 F. App'x 336, 339 (6th Cir. 2003) (*Heck* applies to pending charges); *Reese v. Gorcyca*, 55 F. App'x 348, 350 (6th Cir. 2003) (pre-trial detainee's speedy trial and ineffective assistance claims barred by *Heck*); *Thomas v. Pugh*, 9 F. App'x 370, 372 (6th Cir. 2001) (pre-trial detainee's civil rights claim barred by *Heck*). If Plaintiff were to prevail in this action, his continued confinement (as a pretrial detainee) would be called into question. Consequently, his remaining complaint and amended/supplemental complaint concerning

his pending criminal prosecutions are barred by *Heck* and must be dismissed.

Additionally, Plaintiff's claims against the criminal sexual conduct victim and the private attorneys named in his pleadings are also subject to dismissal because those defendants are not state actors subject to suit under § 1983. It is well-settled that a plaintiff must demonstrate that the conduct which caused his alleged injury is "fairly attributable to the State" in order to state a civil rights claim under § 1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Conduct which deprives a party of a federally protected right can be said to be fairly attributable to the state when: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) the party charged with the deprivation may be fairly described as a state actor. *Id.* The criminal sexual misconduct victim is a private citizen, not a state actor. Consequently, she is not subject to suit in this action. Similarly, it is well-settled that appointed and retained attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under § 1983. *Polk Co. v. Dodson*, 454 U.S. 312, 318, 325 (1981); *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004); *see also Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of

being officers of the court, state actors for § 1983 purposes."). Because the criminal sexual conduct victim and the private attorneys are not state actors subject to suit under § 1983, Plaintiff fails to state claims upon which relief may be granted against those defendants and his complaint against them must be dismissed for this additional reason.

Lastly, Plaintiff's claims against the prosecutors and judges are also subject to dismissal based upon immunity. Plaintiff names state prosecutors as defendants in this action and sues them in their individual capacities for damages. The prosecutors, however, are entitled to absolute immunity on the claims against them in their individual capacities. It is well-settled that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009). This immunity covers a prosecutor's actions in preparing and filing charging documents, including requests for arrest warrants, *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997), and the decision to file a criminal complaint. *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). It even applies when a prosecutor acts wrongfully or maliciously. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor absolutely immune from suit for allegedly conspiring to present false charges to grand jury). The

prosecutors are thus entitled to absolute immunity on any personal claims for damages arising from their advocacy in Plaintiff's state criminal proceedings.

Similarly, Plaintiff names state court judges as defendants in this action and sues them in their individual capacities for damages. Judges are entitled to absolute judicial immunity on claims for monetary damages against them in their personal capacities. *See Mireles v Waco*, 502 U.S. 9, 9-13 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996). "[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages." *Mireles*, 502 U.S. at 11. Absolute judicial immunity may be overcome in only two instances: (1) when a judge takes non-judicial action, or (2) when a judge acts in complete absence of all jurisdiction. *Id*. at 12. Plaintiff alleges no such facts or valid argument. Moreover, the 1996 amendments to § 1983 extended absolute immunity for judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher*

*v. City of Ypsilanti, et al.*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006) (Rosen, J.). Plaintiff's challenges to his state criminal proceedings involves the performance of judicial duties. The state court judges are entitled to absolutely immunity for such conduct. Plaintiff's claims against the prosecutors and judges are thus also subject to dismissal based upon absolute prosecutorial and judicial immunity.

### IV. CONCLUSION

For the reasons stated, the Court concludes that the conditions of confinement claims have been mis-joined in this action and are subject to dismissal on that basis. Accordingly, the Court **DISMISSES** those claims and the corresponding defendants. This dismissal is **WITHOUT PREJUDICE** to the filing of a separate complaint against the proper defendants concerning such matters. The Court makes no determination as to the procedural or substantive merits of any such complaints.

The Court also concludes that Plaintiff fails to state a claim upon which relief may granted under 42 U.S.C. § 1983 as to his criminal prosecution claims and that the prosecutors and judges are entitled to absolute immunity. Accordingly, the Court **DISMISSES** the remaining complaint and amended/supplemental complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) as to those claims and the corresponding defendants.

Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This case is closed.

**IT IS SO ORDERED**.

DATED: February 28, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge