UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL B. WILLIAMS, JR.,**<br><br>Plaintiff,<br><br>vs.<br><br>**PATRICIA PENMAN, ET AL.,**<br><br>Defendants. | 2:19-CV-12505<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND/REFILE AND DISMISSING THE AMENDED CIVIL RIGHTS COMPLAINT** |

Michigan prisoner Michael B. Williams, Jr. ("Plaintiff") filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 in August of 2019 challenging his ongoing state criminal proceedings[1] and his conditions of confinement at the Wayne County Jail. ECF No. 1. In February 2020,

---

[1] Plaintiff was convicted of two counts of assaulting, resisting, or obstructing a police officer in the Wayne County Circuit Court and was sentenced to concurrent terms of 1 year 5 months to 2 years imprisonment on those convictions on December 3, 2019. He was discharged from those sentences on January 27, 2021. Plaintiff was also convicted of three counts of first-degree criminal sexual conduct in the Wayne County Circuit Court and was sentenced to concurrent terms of 25 to 50 years imprisonment on those convictions on February 11, 2020. He continues to serve those sentences.

*See* Plaintiff's Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=415539.

the Court dismissed the condition of confinement claims based upon misjoinder and dismissed the state criminal proceedings claims pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) for failure to state a claim upon which relief may be granted under § 1983 and based upon the immunity of the defendant state prosecutors and judges. *Heck v. Humphrey* holds that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. The Court did not retain jurisdiction over the case. ECF Nos. 13, 14.

The matter is now before the Court on Plaintiff's motion to amend/refile the complaint (dated in October, 2021), as well as his amended complaint (undated) (both postmarked in November, 2021). He essentially seeks to pursue similar claims concerning the validity of his state criminal proceedings against the same defendants, as well as

new claims against several new defendants.   ECF Nos. 17, 18.

Plaintiff's civil rights complaint is no longer pending before the Court.  Therefore, he cannot amend that complaint by filing a motion. While a federal court generally has discretion to allow amendment of a civil complaint, *see* Fed. R. Civ. P. 15(a), such is not the case where, as here, the Court has already dismissed the case.  Under Federal Rule of Civil Procedure 15, once a judgment has been entered in a case, the filing of an amendment is not allowed unless the judgment has been set aside or vacated.  *In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008); *accord Griffey v. Lindsey*, 345 F.3d 1058, 1062 (9th Cir. 2003); *Pitts v. Champion*, 16 F. App'x 975, 977 (10th Cir. 2001); *Harris v. City of Auburn*, 27 F.3d 1284, 1287 (7th Cir.1994).  No such action has occurred in this case.  The Court properly dismissed the original complaint, and Plaintiff's proposed amendments would not alter that decision.  Plaintiff's proper recourse is to file a new complaint in accordance with the federal rules, not to reopen this closed case. [2]

---

[2]The Court notes that Plaintiff's request to amend his complaint is also untimely given that the Court dismissed his original complaint. as supplemented, on February 28, 2020, and he dated his motion to amend

Accordingly, the Court **DENIES** Plaintiff's motion to amend/refile his civil rights complaint and **DISMISSES** without prejudice his amended civil rights complaint.  This case remains closed.  No further pleadings should be filed in this matter.  Additional filings may be stricken.

    **IT IS SO ORDERED**.

Dated: August 4, 2022    s/Terrence G. Berg
                                            TERRENCE G. BERG
                                            UNITED STATES DISTRICT JUDGE

---

on October 10, 2021 (postmarked on November 29, 2021).  While leave to amend a complaint is "freely granted" when amendment is procedurally available, leave to amend may be denied when there is "undue delay" in filing.  *See, e.g., Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Doe v. Michigan State Univ.*, 989 F.3d 418, 416 (6th Cir. 2021) (stating that it would affirm the district court's denial of leave to amend due to undue delay had the issue not been waived).  In this case, Plaintiff's 20-month delay in filing his motion is certainly undue and he offers no justification for it.

4