UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL B. WILLIAMS**, <br> Plaintiff, <br> vs. <br> **PATRICIA PENMAN,** *et al.*, <br> Defendants. | **2:19-CV-12505-TBG-DRG** <br><br> **ORDER DENYING MOTION FOR RECRUITED COUNSEL (ECF NO. 30)** |

Michael Williams is an inmate confined at the State Correctional Institution at Frackville, Pennsylvania, who represents himself. He has filed a motion for the recruitment of counsel in this long-closed case. ECF No. 30. For the reasons explained below, the motion will be **DENIED**.

## I.   BACKGROUND

Williams filed this lawsuit challenging his criminal convictions from the Wayne County Circuit Court in 2019. ECF No. 1. In 2020, the Court summarily dismissed his case during screening, *Williams v. Penman*, No. 19-12505, 2020 WL 978353 (E.D. Mich. Feb. 28, 2020), and entered final judgment against him.

Since the entry of the dismissal order, Williams has made several attempts to revive his lawsuit—none successful. *See* ECF No. 19 (denial of motion to amend complaint cautioning that additional filings would be stricken); ECF No. 22 (order striking renewed motion to amend); ECF No. 28 (order denying motion to reconsider). And he filed a second

1

complaint concerning the same Wayne County convictions, which was also subject to summary dismissal. *Williams v. Penman*, 23-11230, 2023 WL 4830590 (E.D. Mich. July 27, 2023).

## II. LEGAL STANDARD

There is no right to recruitment of counsel in federal civil cases. *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). In evaluating whether exceptional circumstances justify exercising the statutory discretion under 28 U.S.C. § 1915(e) to ask a lawyer to volunteer her services in a civil case, courts consider: (1) the probable merit of the claims; (2) the nature of the case; (3) the complexity of the legal and factual issues raised; and (4) the ability of the litigant to represent himself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005).

## III. DISCUSSION

In his motion, Williams says that he needs a lawyer to help him present his claims because corrections officials are interfering with his legal mail. ECF No. 30. He notes that the docket reflects that several mailings from the Court to him have been returned as undeliverable based on the conclusions of Frackville corrections officials that the mailings have not complied with regulations.

Williams's issues with receiving mail from the Court are troubling. But his submission does not describe any exceptional circumstances justifying the recruitment of counsel. While all self-represented litigants undoubtedly could benefit from the assistance of a lawyer, the Court has already concluded that the claims Williams seeks to raise are without merit, and his case is closed. As previously explained, claims under 42 U.S.C. § 1983 are not cognizable against many of the defendants Williams named—including victims and private attorneys—because those individuals do not act on behalf of the state. *Williams*, 2023 WL 4830590, at *2. His claims are also barred by the doctrine articulated in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), which prohibits plaintiffs from bringing federal claims whose success necessarily calls into question the validity of a prior state conviction or sentence. *Id.*

### IV. CONCLUSION

For the reasons explained below, Williams's request for the recruitment of counsel is **DENIED**.

**IT IS SO ORDERED**, this 20th day of November, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

3